IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02250-ZLW

TROY ALLEN SHORT,

      Applicant,

v.

TRAVIS TRANNI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER GRANTING MOTION TO RECONSIDER AND REINSTATING CASE

---

      Applicant, Troy Allen Short, filed **pro se** on March 2, 2011, a "Motion to Reconsider Order of Dismissal," requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on February 22, 2011. The Court must construe the Motion liberally because Mr. Short is proceeding **pro se**. *See* ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Short filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court,

therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The Court finds that Mr. Short has demonstrated the need to prevent manifest injustice and the Motion to Reconsider will be granted for the reasons set forth below.

Mr. Short, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Short is challenging the validity of his conviction and sentence in Case No. 05CR600 in the Fremont County District Court.  In the Application, Mr. Short asserts the following claims:

> 1(a). The trial court erred in denying his motion to substitute counsel based on his assertions that there had been a complete breakdown in communication.
>
> 1(b). Applicant received ineffective assistance of counsel as a result.
>
> 2. Applicant's Fourteenth Amendment rights to due process and equal protection were violated when the trial court allowed a police officer to testify as to why fingerprint evidence might have been absent from the crime scene.

On October 26, 2010, the Court entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  On November 15, 2010, Respondents filed a Pre-Answer Response.  Mr. Short filed a Reply on November 30, 2010.

In the Pre-Answer Response, Respondents asserted that Subclaim 1(a) was exhausted; Subclaim 1(b) was not exhausted, but a state court remedy exists; and Claim 2 was unexhausted and procedurally barred.

On January 10, 2011, Magistrate Judge Boland agreed that Subclaim 1(b) was not exhausted, because Mr. Short failed to raise it in the state court as an independent claim of ineffective assistance of counsel.  *See* Pre-Answer Resp. at Ex. B, p. 14-20. Magistrate Judge Boland also noted that a state court remedy may still exist for Mr. Short pursuant to Colo. Rev. Stat. § 16-5-402(1), which allows three years for a defendant challenging a class 3 or 4 felony conviction to file a Colorado Rule of Criminal Procedure 35(c) motion.  Finally, Magistrate Judge Boland also found that Claim 2 was unexhausted, but was procedurally defaulted because Mr. Short did not raise Claim 2 as a federal constitutional issue in the state courts.  *See* Pre-Answer Resp. at Ex. B, p. 21-26.  Therefore, Magistrate Judge Boland concluded that the Application was asserting both exhausted and unexhausted claims, and was subject to dismissal as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Accordingly, Magistrate Judge Boland ordered Mr. Short to show cause why the Application should not be denied as a mixed petition.  Mr. Short was informed that, in order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state

remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. He then may file a new application for a writ of habeas corpus.

Mr. Short was afforded thirty days to show cause why the instant action should not be dismissed as a mixed petition. Alternatively, Magistrate Judge Boland informed Mr. Short that he could dismiss voluntarily his unexhausted claim and proceed only with the exhausted claim. Finally, Mr. Short was directed that if he failed to provide a clear response indicating his intentions, he would have failed to show cause as directed, and the Court would dismiss the instant action as a mixed petition.

Mr. Short failed to submit a response to the January 10, 2011, Order to Show Cause. Accordingly, the Court dismissed the action as a mixed petition on February 22, 2011.

In the Motion to Reconsider, Mr. Short asserts that he did not receive the January 10, 2011, Order to Show Cause, and therefore, was deprived of his opportunity to respond. A review of the file demonstrates that the Clerk of the Court failed to include a certificate of mailing with the January 10 Order to Show Cause. Therefore, the Court cannot determine whether the Order to Show Cause was mailed to Mr. Short. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that circumstances exist that justify a decision to vacate the order dismissing this action. Because Mr. Short has alleged that he was denied the right to respond to the Order to Show Cause due to a mailing error outside of his control, the Court finds that the case must be reopened. Therefore, the Motion to Reconsider will be granted. The Clerk of

4

the Court will be directed to re-mail to Mr. Short, along with a copy of this Order, a copy of the January 10, 2011, Order to Show Cause.  Mr. Short will be provided **thirty (30) days from the date of this Order** to respond to the Order to Show Cause.

Accordingly, it is

ORDERED that the Motion to Reconsider (Doc. # 20) filed on March 2, 2011, is granted.  It is

FURTHER ORDERED that the February 22, 2011, dismissal order and judgment are vacated.  It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket.  It is

FURTHER ORDERED that Mr. Short will be allowed **thirty (30) days from the date of this order** in which to comply with the directives of the January 10, 2011, Order to Show Cause.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Short, together with a copy of this order, a copy of the January 10, 2011, Order to Show Cause.  It is

FURTHER ORDERED that the Application will be denied and the action will be dismissed without further notice if Mr. Short fails to show cause as directed within the time allowed.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02250-ZLW

Troy Allen Short
Prisoner No.  134487
Four Mile Correctional Center
PO Box 300
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and a copy of the January 10, 2011 Order to Show Cause** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                        Deputy Clerk