**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02250-REB

TROY ALLEN SHORT,

     Applicant,

v.

TRAVIS TRANNI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER TO DISMISS IN PART

**Blackburn, J.**

Applicant, Troy Allen Short, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Short, acting *pro se*, initiated this action by filing an **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#3].[1] Mr. Short is challenging the validity of his conviction and sentence in Case No. 05CR600 in the District Court, Fremont County, Colorado.

**I.      Background and State Court Proceedings**

On October 27, 2006, Mr. Short was convicted by a jury of second degree burglary and theft. Pre-Answer Resp. Ex. A, p. 7. On December 19, 2006, Mr. Short was sentenced to twelve years in the DOC for the burglary charge, and to a consecutive

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

five year sentence for the theft charge. *Id.* at 6. Mr. Short filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court decision on October 1, 2009. Pre-Answer Resp. at Ex. D. The Colorado Supreme Court (CSC) denied certiorari review on February 8, 2010. *Id.* at Ex. F.

Mr. Short then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on September 15, 2010. In the Application, Mr. Short asserts the following claims:

> 1(a). The trial court erred in denying his motion to substitute counsel based on his assertions that there had been a complete breakdown in communication.
>
> 1(b). Applicant received ineffective assistance of counsel as a result.
>
> 2. Applicant's Fourteenth Amendment rights to due process and equal protection were violated when the trial court allowed a police officer to testify as to why fingerprint evidence might have been absent from the crime scene.

## II.    Exhaustion and Procedural Default

On October 26, 2010, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On November 15, 2010, Respondents filed a Pre-Answer Response. Mr. Short filed a Reply on November 30, 2010.

In the Pre-Answer Response, Respondents asserted that Subclaim 1(a) was exhausted; Subclaim 1(b) was not exhausted, but a state court remedy exists; and Claim 2 was unexhausted and procedurally barred.

On January 10, 2011, Magistrate Judge Boland agreed that Subclaim 1(b) was not exhausted, because Mr. Short failed to raise it in the state court as an independent claim of ineffective assistance of counsel.  *See* Pre-Answer Resp. at Ex. B, p. 14-20. Magistrate Judge Boland noted also that a state court remedy may still exist for Mr. Short pursuant to Colo. Rev. Stat. §16-5-402(1), which allows three years for a defendant challenging a class 3 or 4 felony conviction to file a Colorado Rule of Criminal Procedure 35(c) motion.  Finally, Magistrate Judge Boland found that Claim 2 was unexhausted, but was procedurally defaulted because Mr. Short did not raise Claim 2 as a federal constitutional issue in the state courts.  *See* Pre-Answer Resp. at Ex. B, p. 21-26.  Therefore, Magistrate Judge Boland concluded that the Application was asserting both exhausted and unexhausted claims, and was subject to dismissal as a mixed petition pursuant to ***Rose v. Lundy***, 455 U.S. 509, 522 (1982).

Magistrate Judge Boland ordered Mr. Short to show cause why the Application should not be denied as a mixed petition.  Mr. Short was informed that, in order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted.  If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies.  He then may file a new application for a writ of habeas corpus.

Mr. Short was afforded thirty days to show cause why the instant action should not be dismissed as a mixed petition.  Alternatively, Magistrate Judge Boland informed Mr. Short that he could dismiss voluntarily his unexhausted claims and proceed only

with the exhausted claim. Finally, Mr. Short was directed that if he failed to provide a clear response indicating his intentions, he would have failed to show cause as directed, and the Court would dismiss the instant action as a mixed petition.

Mr. Short failed to submit a response to the January 10, 2011, Order to Show Cause. Accordingly, the Court dismissed the action as a mixed petition on February 22, 2011. Judgment also entered on February 22, 2011.

On March 2, 2011, Mr. Short filed a Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In the Motion to Reconsider, he asserted that he did not receive the Court's January 10 Order to Show Cause, and, therefore, was deprived of his opportunity to respond. On review of the file, Senior Judge Zita L. Weinshienk determined that the Clerk of the Court had inadvertently failed to mail the January 10 Order to Show Cause to Mr. Short. Finding that Mr. Short had been deprived of his right to respond to the Order to Show Cause due to a mailing error outside of his control, Senior Judge Weinshienk granted the Motion to Reconsider. Accordingly, the Clerk of the Court was directed to reopen the case, and Mr. Short was again provided thirty days to respond to the Order to Show Cause.

On March 28, 2011, Mr. Short filed a response titled "Motion to Dismiss Claim 1(b) and Claim 2." In the response, Mr. Short concedes that claims 1(b) and 2 are not exhausted, and asks to be allowed to proceed with exhausted claim 1(a). Therefore, in accordance with Mr. Short's wishes, the Court will dismiss claims 1(b) and 2 as unexhausted.

Finally, on April 7, 2011, Mr. Short filed a "Motion to Change Named Respondent," indicating that, due to a recent transfer, Warden John Davis is his current

custodian. The Motion will be granted and the Clerk of the Court will be directed to substitute Warden John Davis for Warden Travis Tranni.

**THEREFORE, IT IS ORDERED** as follows:

1. That Applicant's "Motion to Dismiss Claim 1(b) and Claim 2" [#31] filed on March 28, 2011, is **GRANTED**;

2. That Claims 1(b) and Claim 2 are dismissed as unexhausted;

3. That Applicant's "Motion to Change Named Respondents," [#34] filed on April 7, 2011 (Doc. # 34) is **GRANTED**;

4. That the Clerk of the Court shall substitute Warden John Davis for Warden Travis Tranni as a named Respondent, and the case caption is **AMENDED** accordingly;

5. That within thirty (30) days, Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claim 1(a); and

6. That within thirty (30) days of the filing of the answer, Applicant may file a reply, if he desires.

DATED at Denver, Colorado, April 8, 2011.

                              **BY THE COURT:**

                              Robert E. Blackburn
                              United States District Judge